UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

KATRINA QUEEN, KITT HASTON, and
WILLIAM QUEEN,

    Plaintiffs,

v.                          Civil Action No. 10-2017 (PLF)

JANET SCHMIDT, MARK CERA, and
BONNIE MILLER,

    Defendants.

---

KATRINA QUEEN, KITT HASTON, and
WILLIAM QUEEN

    Plaintiffs,

v.                          Civil Action No. 11-2117 (PLF)

JANET SCHMIDT,

    Defendant.

---

MEMORANDUM OPINION AND ORDER

The Court recently has been assigned two cases from Judge Ricardo M. Urbina:

- Queen v. Schmidt ("Queen I"), Civil Action No. 10-2017; and

- Queen v. Schmidt ("Queen II"), Civil Action No. 11-2117.[1]

Upon review of the record in both cases, which are related under the Local Civil Rules but not consolidated, the Court will stay Queen II in its entirety pending the resolution of matters raised in supplemental briefing previously ordered by Judge Urbina in Queen I.

---

[1] On April 20, 2012, Queen II was randomly reassigned to the undersigned. On June 12, 2012, Queen I was transferred to the undersigned as related to Queen II.

## I. QUEEN I

As Judge Urbina previously described, Queen I arises out of a dispute over the administration of a trust.  See Queen I, 2011 WL 4101117, at *1 (D.D.C. Sept. 14, 2011).  The three plaintiffs in Queen I — Katrina Queen, Kitt Haston, and William Queen —

> a group of former trustees to the estate of Elberta Douglass, allege that defendant Janet Schmidt acted improperly by amending the trust so that defendants Mark Cera and Bonnie Miller would be appointed as trustees in the plaintiffs' stead. . . . The plaintiffs originally brought suit against defendants Schmidt, Cera and Miller in the Superior Court of the District of Columbia, and the defendants removed to this court [on November 24, 2010].

Id. (internal citations omitted).

On May 5, 2011, the plaintiffs in Queen I filed a motion to remand the case to the Superior Court of the District of Columbia, arguing that Queen I fell under the "probate exception" to diversity jurisdiction.  See Queen I, 2011 WL 4101117, at *1.  Judge Urbina agreed with the plaintiffs and granted their motion to remand on September 14, 2011.  See id. at *1-2.  But shortly after Judge Urbina issued his September 14, 2011 memorandum opinion, the defendants in Queen I filed motions to stay his remand order and permit supplemental briefing.  By minute order on September 30, 2011, Judge Urbina granted the defendants' motions to stay his remand order, and ordered the parties to submit supplemental briefing on (1) the applicability of the probate exception in Queen I; and (2) whether the defendants were properly served.  Minute Order, Sept. 30, 2011, Civil Action No. 10-2017.  That supplemental briefing now is complete and ripe for resolution.

## II.  QUEEN II

Queen II also began in the Superior Court of the District of Columbia and also arises out of a dispute over the administration of the Elberta Douglass trust.  On March 25, 2011, Mark Cera and Bonnie Miller — the purported trustees of the Elberta Douglass trust, and two of the defendants in Queen I — filed suit in Superior Court against 11 defendants.  Those 11 defendants include, among others, Katrina Queen, Kitt Haston, and William Queen, who, as noted above, are the three plaintiffs in Queen I.

In response to that suit, Ms. Queen, Ms. Haston, and Mr. Queen filed what they refer to as a third-party complaint against Janet Schmidt — the third defendant in Queen I — alleging that Ms. Schmidt engaged in unauthorized practice of law, violated ethical rules, and violated her fiduciary duty regarding the Elberta Douglass trust.  Those claims are substantively identical to those made by the very same plaintiffs in Queen I.  Compare Notice of Removal, Ex. 1, Compl. ¶¶ 29-52, [Dkt. No. 1-1 in Civil Action No. 10-2017], with Amended Notice of Removal, Ex. 1, Third-Party Compl. ¶¶ 28-52 [Dkt. No. 10-1 in Civil Action No. 11-2117].

On November 28, 2011, Ms. Schmidt, as a third-party defendant, removed Queen II to this Court on the basis of diversity jurisdiction.  Less than one month later, on December 13, 2011, the plaintiffs in Queen II filed a motion to remand that case to the Superior Court of the District of Columbia.  See Mot. to Remand at 1, Dec. 13, 2011 [Dkt. No. 7 in Civil Action No. 11-2117].  That motion is pending and ripe for resolution.  There also are four other pending motions.  See Dkt. Nos. 11, 17, 19, & 22 in Civil Action No. 11-2117.

III.  STAY

Queen I and Queen II, both of which now are before this Court, raise substantively identical claims involving primarily the same parties.  And both cases present the question whether remand to the Superior Court of the District of Columbia is required.  Upon review of the record in both cases, the Court concludes that resolution of the supplemental briefing matters previously ordered by Judge Urbina in Queen I — especially, the applicability of the probate exception — may bear on the issues and motions that are pending in Queen II.  Therefore, in order to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the parties, see Landis v. North Am. Co., 299 U.S. 248, 255 (1936), the Court will exercise its broad discretion, see American Ctr. for Civil Justice v. Ambush, 794 F. Supp. 2d 123, 129 (D.D.C. 2011), and will stay Queen II in its entirety pending the resolution of the supplemental briefing matters ordered by Judge Urbina in Queen I.

Accordingly, it is hereby

ORDERED that Queen v. Schmidt, Civil Action No. 11-2117, is stayed in its entirety pending the resolution of matters raised in supplemental briefing ordered by Judge Urbina in Queen v. Schmidt, Civil Action No. 10-2017, as set forth by minute order issued on September 30, 2011; and it is

FURTHER ORDERED that if either party learns of additional information that would warrant lifting the stay, such information shall be filed promptly with the Court.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  June 15, 2012